UNITED STATES of America, Plaintiff—Appellee,

v.

Cashmere **CAZEAU**, Defendant— Appellant.

No. 05–7077.

United States Court of Appeals, Fourth Circuit.

Submitted Jan. 26, 2006.

Decided Feb. 1, 2006.

Cashmere Cazeau, Appellant Pro Se. Kevin Michael Comstock, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

PER CURIAM:

Cashmere Cazeau seeks to appeal the district court's order denying relief on his Fed.R.Civ.P. 60(b) motion, which the district court properly construed as a successive 28 U.S.C. § 2255 (2000) motion. An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). We have independently reviewed the record and conclude that Cazeau has not made the requisite showing.

Additionally, we construe Cazeau's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. *See United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Ca-

zeau's claim does not satisfy either of these conditions.

For these reasons, we deny a certificate of appealability, decline to authorize Cazeau to file a successive § 2255 motion, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*